UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 23-CR-0108 (PJS/JFD) |
| Plaintiff, | |
| v. | ORDER |
| KEVIN DEANDRE BENNETT, | |
| Defendant. | |

Matthew C. Murphy and Andrew S. Dunne, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

James S. Becker, FEDERAL DEFENDER'S OFFICE, for defendant.

This matter is before the Court on defendant Kevin Bennett's motion for release pending appeal. For the reasons that follow, the motion is denied.

Bennett was convicted by a jury of two counts of possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1) and both (b)(1)(A) and (b)(1)(B) (respectively), as well as one count of possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. 924(c)(1)(A)(i). ECF No. 87 (second superseding indictment); ECF No. 156 (special verdict form); ECF No. 146 at 1 (order re-numbering counts in the second superseding indictment for purposes of trial).

On July 8, 2025, the Court sentenced Bennett to a total of 192 months in prison. ECF No. 193. Bennett filed a notice of appeal on July 21, 2025. ECF No. 196. Consequently, he is subject to the mandatory-detention provision of 18 U.S.C.

§ 3143(b)(2), which applies to a defendant who has (1) been convicted of (among other possible qualifying convictions) an offense under 21 U.S.C. § 841 with a maximum term of 10 years or more, *see* 18 U.S.C. § 3142(f)(1)(C); (2) been sentenced to a term of imprisonment; and (3) filed a notice of appeal.

A defendant such as Bennett who is subject to § 3143(b)(2) must be detained pending appeal unless all of the following are true: (1) there is "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community"; (2) the appeal is not for purposes of delay and raises a substantial question of law or fact likely to result in reversal, a new trial, or a sentence lower than the time it will take to resolve the appeal; and (3) there are "exceptional reasons" why detention would be inappropriate.  *See* 18 U.S.C. § 3145(c); 18 U.S.C. § 3143(b).  The Court need not address the first and second criteria, as it is clear under controlling Eighth Circuit case law that the reasons Bennett gives for postponing detention are not "exceptional."

Bennett identifies a number of circumstances that, he contends, qualify as "exceptional reasons" either alone or in combination.  Primarily, he cites his serious health conditions, and his status as his one-year-old child's primary caretaker following the death of the child's mother earlier this year.

Bennett suffers from numerous heart and vascular problems, including atrial fibrillation, biventricular heart failure, heart disease, and high blood pressure. PSR ¶ 64. He undergoes regular electrocardiograms and ablation procedures to restore his heartbeat, but continues to experience numbness in his arm, weakness, and fatigue. *Id.* ¶¶ 64, 66. He meets with his doctor every 90 days, and his medical providers are "working to put him back into atrial fibrillation without any surgical interventions." *Id.* ¶ 66. Bennett has also been diagnosed with adjustment disorder with mixed disturbance of emotions and conduct with panic-attack specifier. *Id.* ¶ 67. He currently attends weekly therapy. *Id.* ¶ 69.

The Court is very sympathetic to Bennett's health problems and his family circumstances. Indeed, the Court has recommended that he be incarcerated at FMC-Rochester both to be near his child and to receive medical treatment. ECF No. 193 at 2. Bennett's conditions are serious, but they are also common, chronic, and apparently stable. There is no reason to believe that he will not receive appropriate medical care while in custody. The Court therefore concludes that Bennett's health problems do not qualify as exceptional. *Cf. United States v. Haugen*, No. 12-CR-305(2) (DSD/LIB), 2015 WL 2070703, at *2 (D. Minn. May 4, 2015) (finding that defendant's multiple sclerosis and fibromyalgia were not exceptional circumstances where prison staff attempted to provide adequate care but were hampered by lack of information and defendant's

noncompliance); *see also United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) (per curiam) (defendant's need to continue mental-health treatment was not exceptional); *United States v. Krantz*, 530 F. App'x 609, 610 (8th Cir. 2013) (per curiam) ("Our case law has defined 'exceptional reasons' as 'clearly out of the ordinary, uncommon or rare.'" (citation omitted)).

Likewise, separation from a minor child as a result of incarceration can be heartbreaking, but it is also extremely common. Bennett's mother, who is already caring for the child's older sibling, will care for the child during Bennett's incarceration. PSR ¶ 60. Bennett acknowledges that separation from a minor child is a common and expected collateral consequence of incarceration, but argues that the fact that his child was born *after* he committed his current offenses distinguishes his case from cases in which the "underlying logic" is "that people who do not care enough about their kids to not commit crimes cannot use those children as a reason to remain out of custody." ECF No. 207 at 22. The Court does not agree with this reasoning. Separation from family members fails to qualify as an exceptional reason because it is not exceptional, not because defendants do not care about their families. The Court therefore does not consider the timing of the child's birth to be material.

Finally, Bennett points to his lengthy time on pretrial release, during which he largely complied with his pretrial-release conditions, and also notes that he was

employed while on release until he became medically disabled. Again, however, these factors, alone or in combination with others, are not qualifying under Eighth Circuit case law. *See United States v. Nickell*, 512 F. App'x 660, 661–62 (8th Cir. 2013) (per curiam) (remaining drug-free for two years, regular attendance at drug treatment, full cooperation with law enforcement, full-time employment, and care for three young children was not exceptional); *Brown*, 368 F.3d at 993 (being on pretrial release for over a year without any violations was not exceptional).

Bennett's motion for release pending appeal is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion for release pending appeal [ECF No. 207] is DENIED.

Dated: August 8, 2025                    /s/ Patrick J. Schiltz
                                         Patrick J. Schiltz, Chief Judge
                                         United States District Court